IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| VANDERBILT EZELL MILLER, | : |
| Plaintiff. | : |
| VS. | : |
| Prosecutor KIMBERLY SCHWARTZ, *et al.*, | : NO. 5:15-CV-11 (CAR) |
| Defendants. | : |
| | : **O R D E R** |

*Pro se* Plaintiff **VANDERBILT EZELL MILLER**, an inmate at Lee State Prison, has filed a 42 U.S.C. § 1983 complaint (Doc. 1) and a motion to proceed *in forma pauperis* (Doc. 2). Based on Plaintiff's submissions, the Court finds that Plaintiff is unable to prepay the filing fee. Accordingly, the Court **GRANTS** Plaintiff's motion to proceed *in forma pauperis* and waives the initial partial filing fee pursuant to 28 U.S.C. § 1915(b)(1).

Plaintiff is nevertheless obligated to pay the full filing fee, using the installment payment plan described in 28 U.S.C. § 1915(b). The prison account custodian shall cause to be remitted to the Clerk of this Court monthly payments of 20% of the preceding month's income credited to Plaintiff's account (to the extent the account balance exceeds $10) until the $350 filing fee has been paid in full. The Clerk of Court is directed to send a copy of this Order to the business manager at Plaintiff's place of incarceration.

1

## I.  STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1915A(a), a federal court is required to conduct an initial screening of a prisoner complaint "which seeks redress from a governmental entity or officer or employee of a governmental entity."  Section 1915A(b) requires a federal court to dismiss a prisoner complaint that is: (1) "frivolous, malicious, or fails to state a claim upon which relief may be granted"; or (2) "seeks monetary relief from a defendant who is immune from such relief."

A claim is frivolous when it appears from the face of the complaint that the factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless." *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993).  A complaint fails to state a claim when it does not include "enough factual matter (taken as true)" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007) (noting that "[f]actual allegations must be enough to raise a right to relief above the speculative level," and that the complaint "must contain something more . . . than … a statement of facts that merely creates a suspicion [of] a legally cognizable right of action") (internal quotations and citations omitted); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice").

In making the above determinations, all factual allegations in the complaint must

be viewed as true. *Brown v. Johnson*, 387 F.3d 1344, 1347 (11th Cir. 2004). Moreover, "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).

In order to state a claim for relief under section 1983, a plaintiff must allege that: (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. *Hale v. Tallapoosa County*, 50 F.3d 1579, 1581 (11th Cir. 1995). If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of his claim or claims, then the complaint is subject to dismissal. *See Chappell v. Rich*, 340 F.3d 1279, 1282-84 (11th Cir. 2003) (affirming the district court's dismissal of a section 1983 complaint because the plaintiffs factual allegations were insufficient to support the alleged constitutional violation). *See also* 28 U.S.C. § 1915A(b) (dictating that a complaint, or any portion thereof, that does not pass the standard in section 1915A "shall" be dismissed on preliminary review).

## *II. BACKGROUND*

Plaintiff's claims arise out of his 1996 conviction of trafficking in cocaine, for which he is presently serving a 30-year sentence. He complains that the sole witness against him, Defendant Vantonio Cook, perjured himself during Plaintiff's trial. According to Plaintiff, Defendants Judge Tommy Day Wilcox, prosecutor Kimberly

3

Schwartz, and the other individual Defendants knew that Cook was lying.  Plaintiff characterizes the Defendants' conduct as an "ongoing conspiracy of a crime that was committed against [Plaintiff]."  He summarily alleges that he was denied "equal protection" and that his trial "showed discrimination against accused black people on drug charges."

In addition to Cook, Wilcox, and Schwartz, Plaintiff names as Defendants Officers Robert Spires, Sony Tate, Ronald Rogers, and Reginald Thomas, Sheriff Duncan Mathew, prosecutor Kirby Wincey, the Bibb County Sheriff's Office, the City of Macon, and Bibb County, Georgia.

As relief, Plaintiff requests over $50 million dollars in damages from the various Defendants.  He also asks that Defendant Cook be charged with perjury and that the prosecutors be charged with obstruction of justice for aiding and abetting the perjury, and conspiracy for not charging Cook with other crimes Cook committed.

## III.  DISCUSSION

The instant complaint must be dismissed for a number of reasons.  First, to the extent that Plaintiff challenges the legality of his sentence and conviction, his claims are not cognizable under section 1983 because he has not shown that his conviction or sentence has been invalidated.  ***See Heck v. Humphrey***, 512 U.S. 477, 486-87 (1994) (holding that before a plaintiff may proceed with a section 1983 action to "recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm

4

caused by actions whose unlawfulness would render a conviction or sentence invalid," he must prove that the conviction or sentence had already been reversed on direct appeal or otherwise invalidated).

Second, Plaintiff's other claims are clearly barred by the statute of limitations. The length of the statute of limitations for filing a section 1983 claim is controlled by state law. *Wilson v. Garcia*, 471 U.S. 261, 275-76 (1985). In Georgia, the proper limitations period for a section 1983 claim is the two-year period prescribed for personal injury claims in O.C.G.A. § 9-3-33. *Williams v. City of Atlanta*, 794 F.2d 624, 626 (11th Cir. 1986). A claim accrues and the statute of limitations begins to run when the "facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights." *Lovett v. Ray*, 327 F.3d 1181, 1182 (11th Cir. 2003) (quotation omitted).

Plaintiff's complaint was filed on January 6, 2015, approximately 16 years after the two-year limitations period expired. Moreover, Plaintiff does not allege circumstances justifying equitable tolling of the statute of limitations. "Equitable tolling is a rare remedy to be applied in unusual circumstances, not a cure-all for an entirely common state of affairs." *See Wallace v. Cato*, 549 U.S. 384, 396 (2007). Plaintiff knew that he was injured and who inflicted his injuries within the limitations period. *See Moore v. Federal Bureau of Prisons*, 553 F. App'x 888, 890 (11th Cir. Jan. 23, 2014) (quotations omitted) (the doctrine of continuing violations is limited "to situations in which a reasonably

prudent plaintiff would have been unable to determine that a violation had occurred."). It thus "appear[s] beyond a doubt from the complaint itself that [Plaintiff] can prove no set of facts which would avoid a statute of limitations bar." **Hughes v. Lott**, 350 F.3d 1157, 1163 (11th Cir. 2003).

Even if the statute of limitations did not apply, Plaintiff's equal protection and conspiracy claims would be subject to dismissal. Plaintiff has failed to allege specific facts supporting a valid equal protection claim. To state a claim for a violation of the Equal Protection Clause, an inmate must allege that other similarly situated inmates received more favorable treatment and that the discriminatory treatment was based on some constitutionally protected interest. **Jones v. Ray**, 279 F.3d 944, 946-47 (11th Cir. 2001). Plaintiff's mere allegation that he was tried and convicted because he is black and accused of drug charges is insufficient to state an equal protection claim. Similarly, "to state a claim for conspiracy, a complaint must contain more than just vague and conclusory allegations." **Allen v. Secretary, Florida Dep't of Corrections**, 578 F. App'x 836, 840 (11th Cir. Aug. 21, 2014) (citing **Twombly**, 550 U.S. at 553-54; **Fullman v. Graddick**, 739 F.2d 553, 556-57 (11th Cir. 1984)). It is not enough to allege in the complaint that a conspiracy existed. **Fullman**, 739 F.2d at 557. Rather, the complaint must include "enough factual matter (taken as true) to suggest that an [illegal] agreement was made." **Twombly**, 550 U.S. at 556. Plaintiff fails to satisfy this standard.

Next, a number of the Defendants are either immune from liability or not proper

6

Defendants in a section 1983 action. Plaintiff's claims against the Defendant Judge and prosecutors are barred by the doctrine of absolute immunity. *See Mireles v. Waco*, 502 U.S. 9 (1991) (judicial immunity); *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976) (prosecutorial immunity). Defendant Vantonio Cook is a private citizen and thus not a state actor subject to suit under section 1983. Moreover, witnesses are absolutely immune from damages based on their testimony in judicial proceedings, even if said testimony is false. *See Briscoe v. LaHue*, 460 U.S. 325 (1983); *Jones v. Cannon*, 174 F.3d 1271, 1283 (11th Cir. 1999). The Macon Bibb County Sheriff's Office is not a suable entity. *See Lovelace v. DeKalb Cent. Probation*, 144 F. App'x 793, 795 (11th Cir. 2005) (DeKalb County Police Department not subject to suit under section 1983); *Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir.1992) ("Sheriff's departments and police departments are not usually considered legal entities subject to suit.").

Furthermore, Plaintiff has alleged no valid basis for Macon and Bibb County liability. *See Monell v. Dep't. of Soc. Serv.*, 436 U.S. 658, 690 (1978) (a county can be sued directly under section 1983 only for constitutional violations caused by "a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers"); *Brown v. Neumann*, 188 F.3d 1289, 1290 (11th Cir. 1999) ("A governmental entity is not liable under § 1983, merely as a matter of *respondeat superior*, for constitutional injuries inflicted by its employees.").

Finally, Plaintiff requests that Cook be charged with perjury and that the

7

prosecutors be charged with obstruction of justice for aiding and abetting the perjury and not charging Cook with other crimes. In addition to prosecutorial immunity, as referenced above, the prosecutorial decision to file or not file criminal charges against Cook, by itself, does not give rise to section 1983 liability. Further, Plaintiff, a private citizen, has no judicially cognizable interest in the prosecution or non-prosecution of another. *Otero v. U.S. Attorney Gen*., 832 F.2d 141, 141 (11th Cir. 1987). *See also Sattler v. Johnson*, 857 F.2d 224, 227 (4th Cir. 1988) (holding that there is no constitutional right for a member of the public, a victim, to have another individual criminally prosecuted).

## IV.   CONCLUSION

In light of the foregoing, the instant lawsuit is hereby **DISMISSED** under 28 U.S.C. § 1915A for failure to state a claim upon which relief may be granted.

**SO ORDERED**, this 3rd day of February, 2015.

S/   C. Ashley Royal
C. ASHLEY ROYAL
UNITED STATES DISTRICT JUDGE

cr